# Brian D. Risley

# Trial and Appellate Practice

1441 E. Primrose St.      Springfield, MO 65804            417.882.3333     fax 417.882.4444

October 31, 2018

Randy Dabney
Phelps County Jail
500 West 2nd Street
Rolla MO 65401

Re:  US v. Randy Dabney   17-03007-01:

Dear Randy:

After meeting with you, I reviewed some of the discovery in this case and received documents from your mother. Upon reviewing the discovery, I realized late last week that I had in conflict in the case for reason that I had previously represented one of the main witnesses against you at some point in the past. If you chose to proceed with trial instead of plea (which was my understanding) that conflict was going to be unavoidable, therefore it is best that I request to withdraw at this time.

I apologize for any delay this may cause in your case but better to find out now as opposed to later. Assuming the Court grants my motion, I will provide your file including the information your mother provided my office to your new attorney.

Thank you and let me know if any additional questions.

Yours truly,

*Brian D. Risley*
Brian D. Risley

Enc.  Copy of Motion to Withdraw

Randy Dabney
Phelps County Jail
500 W 2ND ST
Rolla MO 65401

Re: Disclosure

John Appelquiet                    June 25 2017

I recieved the plea-agreement relating to Kayla Morrill, who ever she is...

• I was indicted in Jan and it's June, (5 months) Ive been wanting and Requesting discovery. I must insist that you that you make arrangements for me to see all the discovery in your possession, to allow me to make timely, informed decisions, to dispute government claims, before any, (including co-defendant(s)plea-agreements made to ~~insure~~ be sure, of all facts. •

Please make arrangements this week and provide me the names Representing each co-defendant Respectively, And the Magistrate on my case.

Thank You

Randy Dabney

Randy Dabney
Phelps Co Jail
500 W 2ND ST
Rolla MO 65401

Jan. 7 2019

Joshua Roberts,

Sorey if I disappoint, but I'm not sure I share your enthusiasm. Each attorney assigned to my case has expressed confidence in achieving dismisal of the 851 in exchange for that plea. The consensus has always been, that the 851 was filed to manipulate a plea agreement or a proffer.

However, It is good News that prosecution at last, has showed sign of being moved some. I am open to consider a plea... Just not the one you've sent (As I previously stated a 15 plus year sentence is a potential life sentence at my age.)

I'm not trying to be difficult, but it causes me considerable dismay that more details of the allegations, as I claim them, have not been taken more seriously and investigated with due regard, before approaching prosecution with discussion of pleas. Or expecting me to make decisions uninformed, about entering pleas, without providing the information I Request. It's not in my NATURE to completely trust my fate to the opinion of those attempting to manipulate my decisions.

The offer is known as the "Dump Truck". (Hand out a crap offer and start backing up, if not swallowed.) And that will be the "Impasse"

I'm thinking, I don't want any further conversations with prosecution to occur, concerning pleas, until each count that triggers mandatory minimums has had all details investigated, and all possible alternatives explored. In order to present a "totality of circumstances" during any future conversation.

Either through your office or by your direction implement the private investigator, Dwight McNeal, to provide me the information I've requested to make informed decisions.

Previously, I Requested copies of the "First Step Act", and Statues covering "Aiding & Abetting" and "Accessory after Fact" Including Jury Instructions.

Concerning my Nov 2015 stop, I need to see the governing authority and criteria related to law enforcement applying an "indicator status" and how that fits with the "probable cause to standard", Related to "Terry Search".

And of April stop by Friend and Nichols Nothing has been asked or discussed by anyone. Seriously. And I will write on it in a following letter.

Now if You are sure that the 851 will remain off the table, then the good news is the depth of my concern on these other counts is considerably less.

I'm not comfortable with a plea to count 1 and 16, due to the circumstance involving manipulation by these Cops. Steve Miller and Jason Friend, and their PARTNERS. I was never a "willing participant" of a conspiracy. But we might Put together some "totality of circumstances" facts and offer to plea to the possession w/intent and point Enhancement for firearm, after careful research of Relvent conduct.

The amount of manipulation is absurd and obvious when you think about it and you can prove it if you only try.

Thank You getting us started.

Randy Dabney

RE: Phone #'e Records

KANDY DABNEY
Phelps Co Jail
500 W 2ND St
Rolla, Mo. 65401
Aug. 14, 2018

John Appelquiest

(417) 597-6958, is Steve Millers cell phone
number. It does not appear in my phone
Records, as Dewight McNeal suspected. It
might show up as "Unavailable", he said.
A search of Records for numbers appearing
as "Unavailable", Result in certain patterns
emerging.
1) A pattern of "Unavailable" Calls, their dates
and time of call, fits and is consistant with
my contact with Miller, as I've explained to you.
2) A pattern of No Calls after 10pm also
emerges, until a significant date in March
(Kinda unusual for a meth user or dealer)
3) The amount of Family contact appears
4) And the presence of contact periods with
other people also appear.

   I am expecting a contact list and other
documents, to be gathered by my family soon
that will allow me to further identify events,
such as periods of phone contact with
Chris Mays or Mark James. I will send
all to you as soon as it is assembled.

                    Kandy Dabney

John Appelquist                                        June 13, 2018

① Nearly a month has passed since I requested
a copy of the "Discovery" disc, to view in the law library
here. I've still not recieved it, and use only get
45 minutes each week to use the law library.
That only allows me a few hours to view and
research before our next scheduled court date.
Please do not delay sending that any longer.

② Also I asked of Dewight McNeal inquiries.
Your letter only mentioned a vague response
concerning DEA TFO Richard "Brett" Leslie.
What about the other stuff we discussed at the
court house? 1.) Telephone numbers and records
                        for Steve Miller and my contact with him
              2.) Security Vidio and Data from
                        Central Security
              3.) Second Dash Cam stop by Pugh.
              4.) Police Reports from house address.
              5.) Accounting for the money taken
              6.) Date off Document agreement with
                        Miller

③ From You Too also asked about the
Inventory list, from J. Friends Raid on my house,
about the warrant, pertaining to the safes,
and my finding of case law concerning 924c.

I have spent alot of time in the law library studing case law, and believe there is much yet to be looked at with some of these charges. After 22 months, its a little upseting to feel as if my file is merely sitting on the corners of the desk and not being considered seriously or actively. I feel like my concerns are being avoided and in the end time will run out and I will be forced to accepted a poor deal or go to trial after all evidence is lost, that could help me.

Please, a little communication and responses is reassuring.

Thank You

Randy Dabney

I want to talk about the 924c and search warry for raid on my house.

Probably Your best bet, would be to mail Ashley Buck a letter, asking her to contact You. to the Apartment on Ingra mill Rd.

Did Chris Mays plead to 20 yes?

Mr. McNiel,

It's been apx 90 days since we spoke at
the Federal Courthouse, and I've had no
word since.

I'm curious as to what John Appelquiest
has indicated to you, would be helpful to
my defense, & that you might be working
on?

And as we discussed at the courthous
I especially, wanted the phone numbers
used by Steve Miller (SPD) between Nov 2015
and Aug 2016 and records of our calls
during that time.

My next schelduled Court date is Aug 20,
and I'd hope to have phone records, police repor
and such to support my claim before then.

Please clarify what Appelquiest has asked
for and update me as to my inquirees.

The police report I refer to is the breakin
at my home 420 E FR 84 Spfd MO. 65803
the last week of Jan. 2016, and another
the first week of May 2016.

There should also be a fire report in March or
April 2016.

Thank You, Randy Dudley

# JOHN F. APPELQUIST
## ATTORNEY AT LAW

313 SOUTH GLENSTONE
SPRINGFIELD, MO 65802

(417) 869-6001
FAX (417) 869-2099
JAPPELQUIST@USA.NET

September 10, 2018

Mr. Randy G. Dabney
c/o Phelps County Jail
500 W. Second Street
Rolla, MO 65401

      Re: *United States v. Dabney*, No. 17-03007-01-CR-S-RK

Dear Randy:

      Enclosed are the following items I received last week from Midwest Intelligence which they compiled from your previous requests: copies of six Greene County Sheriff's Department reports (15 pp. total) regarding calls to 402 E. Farm Road 84 at or about the time of the burglary(s) in 2016; one compact disc (CD) containing PDF versions of reports (66 pp. total) of E-911 calls to 402 E. Farm Road 84 during the same time period. It is my recollection you have the ability through the law library there to view the contents of the CD.

      As these are defense work-product they are not subject to the U.S. Attorney's Letter Agreement regarding dissemination of discovery materials; also, they are not subject to any requirement of reciprocal discovery (disclosure *to* the U.S. Attorney) unless and until you decide you want to do so.

      Finally, I am in receipt of your *pro se* Motion to Appoint New Counsel (also filed, via ECF, last week) and, as you can see, by Order entered this morning Judge Rush has set that matter for hearing next Monday afternoon.

                       Very truly yours,

                       John F. Appelquist

encl's

Randy Dabney
Phelps County Jail
500 W. 2nd St.
Rolla Mo. 65401

John Applequiest,                    April 9, 2017

    With the "April 13, 2017 deadline to file
motions, approaching, I feel an additional
extension needs to be requested, since
I have yet to see complete discovery
to consider or research additional possibilid
for additional motions, and yet to have
A proper though consultation with your
beyond the few minutes the one time
I've seen you,

    The suggestion you made that I seek
discovery from the state public defender,
is inappropriate for my needs, as all counts
of the federal Indictment Are NOT Filed in
State, nor does state discovery, cover
evidence used to connect me to co-defen
co-defendents of Conspiracy Counts,

                    Randy Dabney

# JOHN F. APPELQUIST
## ATTORNEY AT LAW

313 SOUTH GLENSTONE
SPRINGFIELD, MO 65802

(417) 869-6001
FAX (417) 869-2099
JAPPELQUIST@USA.NET

June 23, 2017

Mr. Randy G. Dabney
c/o Phelps County Jail
500 W. Second Street
Rolla, MO 65401

Re: *United States v. Dabney*, No. 17-03007-01-CR-S-RK

Dear Randy:

I received a voice-mail message from Kim this afternoon and the following is in reply to the specific inquiries she left on your behalf:

1. The federal judge(s) assigned to your case are: Magistrate Judge, David P. Rush, Springfield; District Judge, Roseann Ketchmark, Kansas City. Note that the District Judge assignment can change later on depending whether the case proceeds on to jury trial depending on which judges are scheduled for the Joint Criminal Docket when the trial occurs (they rotate).

2. Chris Mays's attorney is Kristin Jones of Springfield, she was a Greene County Public Defender for many years now in private practice (CJA-appointed for this case).

3. As you are aware I am not permitted under local rules and practice to supply you "copies of disclosure," however, I will do my best to schedule a day (working with Lt. Schultz) for you to review as much of the discovery as you want in the law library up there; please note I do have two other federal clients whose cases are ahead of yours on the docket and they at times must take priority.

3. Now that the briefing is completed on the Motion to Suppress the next thing we will receive is an Order from Judge Rush setting it for an evidentiary hearing; no idea when that may be but we will have plenty of notice in advance. As per your last letter I did consult with Michelle Moulder, AFPD, and have begun the process of obtaining discovery of any "dash-cam" video/audio from the two traffic stops in question, if any such evidence exists.

Very truly yours,

John F. Appelquist

# JOHN F. APPELQUIST
## ATTORNEY AT LAW

313 SOUTH GLENSTONE
SPRINGFIELD, MO 65802

(417) 869-6001
FAX (417) 869-2099
JAPPELQUIST@USA.NET

March 24, 2017

Mr. Randy G. Dabney
c/o Phelps County Jail
500 W. Second Street
Rolla, MO 65401

      Re: *United States v. Dabney*, No. 17-03007-01-CR-S-RK

Dear Randy:

      This is in reply to your recent correspondence (the last of which, dated March 23rd, I just received today). As we discussed before your arraignment here on February 22nd, I am working up motions to suppress on the particular law enforcement encounters you have written me about and will send you copies once they are filed.

      As to your request that I send you a CD containing the discovery material I have received for this case, you may be aware from other federal detainee's there that by longstanding local practice in this division we are precluded from disseminating copies of discovery to clients (cf. standard Letter Agreement, copy enclosed). Moreover, even if there were an exception for the use of the library computer there under the supervision or Lieutenant Schultz, the CD's I have been provided are encrypted and password-protected so I am unable to "burn" a copy to send him for you to view there.

      Keep in mind that Mr. Chastain, your State Public Defender in the still-pending Greene County cases, is under no such restrictions and you could obtain copies of any discovery in his possession directly from his office upon request. In any event I will plan to come and visit you there on or before my now-extended April 13 deadline and have in hand hard copies of the pertinent portions of the discovery to show you.

Very truly yours,

John F. Appelquist

encl

Re: No. 17-03007-01/04/06-CR-S-RK

Randy Dabney
Phelps Co Jail
500 W 2ND ST
Rolla Mo. 65401

United States Magistrate Judge
David P. Rush
222 N. John Q Hammons Pkwy
Springfield Mo. 65806

Aug. 24, 2018

Your Honor,

I am writing concerning my attorney, John Appelquist.

Initially, I was very pleased that Mr. Appelquist had been appointed to represent as my attorney, but for several reasons I've lost confidence in his representation of my defense.

He has never really asked more than a few questions concerning any of 10 counts or offered guidance toward development of a defense. However, He has offered to withdrawl more than once, causing me concern and reflection on his efforts.

In reflection, there has been an excessive amount of excuses, delays and lack of effort, that has resulted in the loss of critical evidence and potential witnesses, damaging my defense and chance at a fair trial or plea agreement.

I can not proceed with faith in his representation efforts and request that he be allowed to withdrawl.

Respectfully... The Courts choice of representation on my behalf has resulted in significant disadvantage to my defense. In fairness to all concerned, and prevention of a continued disadvantage, I'd ask the Court to consider appointment of attorney's already familiar with the case or related considerations.

Prior to being indicted and detained by the Federal Government, I had consulted and planned to hire Stuart Hoffman or Gary Smith, for the same incidents. Their familiarity with the circumstances of my case, and mine with them, would surely aid to prevent further delays and disadvantage.

Thank You for Your consideration.

Randy Dabney

Subject: <Jroberts@robertsandeasley.com> [Ketchmyer answer,ect.]
To: Inmate
From: I000011203 - Randy Dabney
Date: 11/22/2019 10:58:50 AM
Message:
I got the decision from ketchmyer and the letters from appelquiest, and superseding indictment.. I have been trying to contact you for a week and will continue until i do. I want to know what options remain concerning the ketchmyer decision. There were 23 letters all concerned with appelquiest withholding discovery, making excuses and delays. 15 of those 23 speak of the April 14th stop or the 924c count. 3 of those 15 concern filing the motions and were dated before the april 2017 deadline, and i have his response letter stating he was preparing the motions......plural. You need to tell me what we can do now, to get this motion heard or another avenue, before any more deadlines occur. On the superseding indictment..... The only change i see is it is an indictment of 1 now, so that also needs to be explained to me. Im guessing the prosecutor has been given assurance that i intend to plea, and the indictment supersede is so co defendants Can go ahead and be sentenced. When are they to be sentenced or what Did they recieve? I have more, to follow in a letter next week, but this is what i will be calling about presently


Subject: <Jroberts@robertsandeasley.com> [Telephone me]
To: Inmate
From: I000011203 - Randy Dabney
Date: 11/18/2019 2:35:10 PM
Message:
Call me when you are in the office. You do not need to set up a conference on secure line, just have jail staff relay a message to call my attorney. Send me the letters i wrote you also. And i asked about the arrest and conviction record for chris mays.


Subject: <Jroberts@robertsandeasley.com> [Materials requested not receieved]
To: Inmate
From: I000011203 - Randy Dabney
Date: 11/15/2019 9:59:30 AM
Message:
I ve still not recieved any of the materials we haved discusssed several times now. Please send what you have and let me know what response youve recieved from john appelquiest.

| Subject: | <Jroberts@robertsandeasley.com> | [Changes] |
|---|---|---|
| To: | | Inmate |
| From: | I000011203 - | Randy Dabney |
| Date: | 12/9/2019 | 2:45:48 PM |

Message:
Recieved the infromation packet today. Chris mays was in jail in march and april 2016. What you sent me, the most recent information is 2014. The miller document does exsist, i signed it. I asked that you make a formal brady request, for information not currently in the prosecutors possession, not a simple request. And the crimminal history calculation is significatly different from the last time you and the prosecutor both calculated it together. Did you look into the functional consolidation, of cases??? Or anything, that might appear that you are actually trying to help me or minimize my sentence??? Actually, I have caught you providing what ever Information you think will make me go quietly, or just flat out lying, to get through this, that when you tell me you have done things, i dont know if i should believe you. Can you tell me what it is you intend to do on my behalf, to help?? Because I am thinking i really need someone i can trust, and need to ask for your withdrawl.

Subject:

Subject: <Jroberts@robertsandeasley.com> [Requested actions]

To: Inmate

From: I000011203 - Randy Dabney

Date: 12/5/2019 11:41:27 AM

Message:

By now you should have recieved my letter, containing responses from appelquiest. If you read them and my letters to him, your aware of all the lawyer delays, excuses, and lack of effort. I have been here long enough, and want something done. Several weeks ago, i asked for material that i have still not recieved.... Letters to you, Chris mays arrest and conviction record, the statement appelquiest was given from Freedom Mortgage, on the house payment due in April, ect. And my last request, this week is somewhat time sensitive, i expect to be hearing something from you. I feel like after 3 years of waitng on lawyers, my case needs to be somewhat of a priority now. Please dont delay with my requests. I dont want to be an asshole, but i am going to try and do something to get a fair sentence, and my tolerance is gone . Please consider that, and fill my requests. Thank you

Aug 11 2017                              Randy Dabney
                                         Phelps County Jail
                                         500 W. 2ND ST.
John Appelquiest                         Rolla Mo. 65401

  ° I am assuming that the Aug 16 2017
hearing is going to be postponed
due to your upcoming trial and
the lack of imformation needed yet
In my hearing, and no oppertunity
to examine and discuss the information.

    There is a second dash cam vidieo
IN Dec 2015 by the same officer
we will want to see and use.

    I want to know the criteria
and application process for this
"Indicator" label, they claim is
attached to my record and the
legality of it.
    And examine the officers service
Record for complaints and Illegal search
claims previously.
    And last I want to know the
date they handed this case to the
prosecuters office to be filed.

    Win or lose this is all information
I want made Record for later use.

                    Thank you
                    Randy Dabney
P.S. John I understand you have a caseload
other than mine, but I want to remind you
I'm on a writ and this time is not
counting towards my sentence

Randy Dabney
Phelps Co Jail
500 W 2nd St
Rolla Mo. 65401

July 10 2018

John Appelquiest,

I recieved the plea entry for Chris Mays, and your letter concerning the discovery.

John, I'm not real sure what to expect at this next courtdate. If thats a pretrial conference, there is alot of information I want gathered before that date, and I want time to go over it thoroughly. I've requested to see the remaining unseen discovery several times during the last 16 months, and have even requested specific information, required to make informed decisions, that I've still not recieved. At this point, I have so many unanswered questions that I feel overwhelmed, as to where to begin now.

① But as I recall you said the 851 filing was a "deal breaker". So my question, or request is to have you obtained the police reports and charging indictment for my 1987 prior drug charge, from Greene County records, to support an argument to drop that filing. I really feel like this should be addressed right away and before anything else.

② From discovery, I want to know what the evidence is alledging the Conspiracy Count? For me.

③ And From Discovery, I want to see everything to do with the pretextual stop April 7 2016 and subsequent search of my home (also in April) by Jason Friend and others. All reports, video, affidavits, warrants, inventory, ect. test results, #stolen guns....

I'm fairly certain, another pretrial motion Exsits and should be addressed with these events and warrants, or the Informants actions.

Again I want to see all this and have time to process and research what I see and find, not a few minutes before a decision has to be made, in court.

Note: From the Chris Mays plea, I noticed a couple things; ① It said DEA had information Chris had sold 30 oz in the 7 months prior to April 2016. Thats 5 months before we met (And also ~~the~~ when Ashley Buck got in trouble)

And it said that the gun was in a case inside a backpack and the drugs were elsewhere in locked containers. ~~Did it~~ Thats not "readily availabl Did they not challenge anything?

Thank You

Randy Dabney

## ROBERTS & EASLEY, LLC
### Attorneys at Law

*Attorneys*
*Joshua K. Roberts*
*Kevin A. Easley*

2202 West Chesterfield Blvd., Ste. 100
Springfield, Missouri 65807
417-881-1076
417-881-3273 fax
*Sender's Email: jroberts@robertsandeasley.com*
*Website: www.robertsandeasley.com*

*Paralegals*
*Candice C. Huett*
*Janet L. Heath*
*Shana M. Moraga*

January 2, 2019

**LEGAL MAIL**

Mr. Randy Dabney
Phelps County Jail
POD C
500 West 2nd Street
Rolla, Missouri 65401

Re:   U.S.A. v. Randy G. Dabney, et al.; Case No. 6:17-cr-03007-RK-1

Dear Mr. Dabney:

In regard to your December 7 letter, I reviewed the article you sent regarding "aiding and abetting" and also the case itself. That individual actually pled guilty to conspiracy to distribute methamphetamine, but then ultimately cooperated and agreed to testify against codefendants. So, he pled guilty to the same charge you were charged with and it was not a separate offense; that was just the language used by the writer of the article. Further, the Webster County charge would only be dismissed in conjunction with a guilty plea in federal case. So, I can address that in the future if there is a plea in this case.

In regard to the December 10, 2018, letter I do not believe there are any reasonable grounds to request a rehearing on the November 24, 2015 stop. Even a successful suppression of evidence from that stop would do nothing to change the overall outcome of the case, as essentially all years of any mandatory minimum sentence can be supported by the April 14, 2016 stop with Ashley Buck. Please let me know everything you can about that stop.

Finally, the First Step Act was signed into law on December 21, 2018. While everyone is still digesting the statute, my read of it would give us grounds to contest the §851 enhancement for the prior "serious drug felony." If successful, it would reduce the mandatory minimum in this case to 15 years (10 + 5), which is best case scenario under any circumstance. We have ordered your DOC records and I will let you know what I discover. Thank you.

# ROBERTS & EASLEY, LLC
## Attorneys at Law

2202 West Chesterfield Blvd., Ste. 100
Springfield, Missouri 65807
417-881-1076; 417-881-3273 fax
*Sender's Email: jroberts@robertsandeasley.com*
*Web site: www.robertsandeasley.com*

*Attorneys*
*Joshua K. Roberts*
*Kevin A. Easley*

*Paralegals*
*Candice C. Huett*
*Lindsey J. Dillion*

September 3, 2019

**LEGAL MAIL**

Mr. Randy Dabney
St. Clair County Jail
P.O. Box 546
Osceola, Missouri 64776

      Re:    U.S.A. v. Randy G. Dabney, et al.; Case No. 6:17-cr-03007-RK-1

Dear Mr. Dabney:

I visited with the prosecution regarding this matter and am providing answers to various questions you had during our last conversation. She will only dismiss the other 9 counts, in exchange for you entering a plea to Counts 1 and 16, the plea agreement previously sent to you. She is considering adding a paragraph that would allow you to preserve your right to appeal. We both estimate your guidelines with a plea to be between 140-175 months on Count 1. Ms. Larison said she would consider agreeing to recommend the low end of the sentence due to your age, but would not formally commit to doing so. Finally, I determined that while you do get formal credit for the 6 months you spent in state court custody, the procedure is to ask that the court to reduce your ultimate sentence by those 6 months.

The base 5 year consecutive sentence under section 924(c) charge is subject to enhancements and the minimum sentence increases as follows: gun is brandished (7 years), the gun is discharged (10 years), gun was a sawed off or a semi-automatic assault weapon (10 years), machine gun or silencer (30 years). There are also enhancements if you have a prior 924(c) charge.

As I mentioned, the court has continued the matter for trial to the October 28, 2019 docket. The court has stated no further continuances, so you need to decide whether you want to accept the offer to plead to Counts 1 and 16 (with the others dismissed) or contest all Counts at trial. Thank you.

Case 6:23-cv-03317-RK   Document 2-1   Filed 10/04/23   Page 22 of 42

Very truly yours,

ROBERTS & EASLEY, LLC

Joshua K. Roberts

JKR/ch

# ROBERTS & EASLEY, LLC
## Attorneys at Law

*Attorneys*
*Joshua K. Roberts*
*Kevin A. Easley*

2202 West Chesterfield Blvd., Ste. 100
Springfield, Missouri 65807
417-881-1076; 417-881-3273 fax
*Sender's Email: jroberts@robertsandeasley.com*
*Web site: www.robertsandeasley.com*

*Paralegals*
*Candice C. Huett*
*Lindsey J. Dillion*

September 23, 2019

**LEGAL MAIL**

Mr. Randy Dabney
St. Clair County Jail
P.O. Box 546
Osceola, Missouri 64776

   Re: U.S.A. v. Randy G. Dabney, et al.; Case No. 6:17-cr-03007-RK-1

Dear Mr. Dabney:

In speaking with the prosecutor regarding potential resolution of this matter I have made substantial progress. She is now in agreement to dismiss all charges in exchange for a plea to Count 1 and Count 16. In addition, the government agreed to the following:

1. That due to your age, it will not ask for a sentence in excess of the midpoint of the guideline range on Count 1 (it is understood that if the guideline range were to be below the mandatory minimum sentence, then this agreement would not apply).

2. That it will not object to you seeking credit for the state time you served on these charges prior to federal prosecutors picking up the case.

3. That it will request that the Webster County charges be dismissed in conjunction with your plea.

4. That it will delete the third to last paragraph that describes your relationship with James and Mayes from the plea agreement.

5. That it will consider a paragraph that would allow you to retain specific rights to appeal; in this regard we need to state what grounds you would like to retain these rights.

In addition, under the First Step Act, you would be entitled to "good time credits" of up to 54 per year. You would not be entitled to any "earned time credits" of any sentence under any other charge due to the 924(c) gun charge which universally disqualifies you from this credit program.

The guideline range calculated by the government of 140 – 175 months contemplates a criminal history of 5 and a base offense level of 32 (dropped to 29 with a plea). After visiting with you, it appears that you are more likely a category 4 which reduces the range to 121 – 151 months. Given that a couple of points would barely be counted, the lower end of the range makes the most logical argument. Interestingly, Mark James was just sentenced to 132 months, which would be in that lower end range. I also confirmed that Ashley Buck was not ticketed for failing to use her turn signal on April 14, 2016.

Finally, the prosecutor has also indicated that she is filing a superseding indictment in this matter to amend a technical issue with a charge due to a recent court decision. This will move us off the October trial docket. This will actually give the court time to address our objections to the report and recommendations denying the motion to suppress hearing and/or to finalize any issues regarding the plea agreement. Thank you.

Very truly yours,

ROBERTS & EASLEY, LLC

Joshua K. Roberts

JKR/ch

# ROBERTS & EASLEY, LLC
## Attorneys at Law

2202 West Chesterfield Blvd., Ste. 100
Springfield, Missouri 65807
417-881-1076
417-881-3273 fax
*Sender's Email: jroberts@robertsandeasley.com*
*Website: www.robertsandeasley.com*

*Attorneys*
*Joshua K. Roberts*
*Kevin A. Easley*

*Paralegals*
*Candice C. Huett*
*Janet L. Heath*
*Shana M. Moraga*

March 26, 2020

**LEGAL MAIL**

Mr. Randy Dabney
St. Clair County Jail
P.O. Box 546
Osceola, Missouri 64776

Re:  U.S.A. v. Randy G. Dabney, et al.; Case No. 6:17-cr-03007-RK-1

Dear Randy:

Enclosed please find the current proposed plea agreement. Of note is the dismissal of the 924(c) charge! In exchange we agree not to argue below 180 months. The Webster County charge will also be dismissed in conjunction herewith. This is a very good outcome. I will schedule us for entry of a plea as soon as the court is available after resolution of the current COVID-19 issue. *NOT MORE THAN 180 months*

Very truly yours,

ROBERTS & EASLEY, LLC

Joshua K. Roberts

JKR/ch
Enclosure *This was before the corona virus thing. With 4yrs county Jail time 16 months of Earned Good time credit is already lost and building up Every day. I want to at least Argue for 168 months and split the difference. In the End it's still up To the Judge, I waived the right count to 12 ... so I'm already giving up as much as they did ... Let's Keep ...*

# ROBERTS & EASLEY, LLC
## Attorneys at Law

*Attorneys*
*Joshua K. Roberts*
*Kevin A. Easley*

2202 West Chesterfield Blvd., Ste. 100
Springfield, Missouri 65807
417-881-1076
417-881-3273 fax
*Sender's Email: jroberts@robertsandeasley.com*
*Website: www.robertsandeasley.com*

*Paralegals*
*Candice C. Huett*
*Janet L. Heath*
*Shana M. Moraga*

April 20, 2020

**LEGAL MAIL**

Mr. Randy Dabney
St. Clair County Jail
P.O. Box 546
Osceola, Missouri 64776

   Re:  U.S.A. v. Randy G. Dabney, et al.; Case No. 6:17-cr-03007-RK-1

Dear Randy:

I am in receipt of your last correspondence. As discussed, the only reason the government was in agreement to drop all 924(c) charges was that you agreed it would still get its 15 years. You stated that was agreeable because you would then be eligible for good time and earned time credits. This was a huge concession by the government that required approval from the head USA attorney for the Western District located in Kansas City. They will not change this position. However, you can ask the judge to consider an additional credit at sentencing for the "Coronavirus delay". The government never agrees to a criminal history because they don't do the research on this, that is the job of the PSR writer. It wouldn't be binding on the judge even if they did. So, both sides reserve the right to argue, and the ultimate criminal history is determined at sentencing.

I will inquire if they will remove the last 2 paragraphs of the factual basis or replace it with the April search of your home or Strafford stop in June. I will inquire if the government will delete the words "and possession of a firearm in furtherance of a drug trafficking offense" in paragraph 7. Paragraph 21 refers to a supplemental cooperation agreement under 5.k1. This does not apply to your case.

The government has agreed not to argue above the middle of the guideline range. That will not change. You should leave your right to appeal as a backup option. I will inquire if the government will change the assessment fee to $100.00 for one count in paragraph 16.

Very truly yours,

ROBERTS & EASLEY, LLC

Joshua K. Roberts

JKR/ch
Enclosure

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

   v.

RANDY G. DABNEY,

              Defendant.

No. 17-3007-01-CR-S-RK

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1.    **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Timothy A. Garrison, United States Attorney, and Josephine L. Stockard, Assistant United States Attorney, and the defendant, Randy G. Dabney ("the defendant"), represented by Josh Roberts.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2.    **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count 1 of the Second Superseding Indictment, charging him with a violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A), that is, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. By entering into this plea

agreement, the defendant admits that he knowingly committed this offense, and is, in fact, guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

Beginning on an unknown date, but no later than November 24, 2015, and continuing to on or about September 28, 2016, in Greene County and Webster County, in the Western District of Missouri, and elsewhere, the defendant, Randy G. DABNEY, knowingly and intentionally conspired with other persons known and unknown, to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii), all in violation of Title 21, United States Code, Section 846.

An investigation by the United States Drug Enforcement Administration (DEA), the Springfield, Missouri, Police Department (SPD), and other local law enforcement agencies has shown that an organization was operating in Southwest Missouri that distributed pound quantities of methamphetamine. DABNEY was identified as the source of methamphetamine supply for Christopher R. MAYS, who in turn was the source of supply for Michael J. BOEHM. James O. MITCHELL purchased methamphetamine from the same source of supply as DABNEY, and he and Kayla A. MORRILL were working together to distribute methamphetamine. The investigation revealed that DABNEY, in agreement with others, distribute in excess of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On October 9, 2015, DABNEY was contacted in a hotel room in Springfield, Missouri. DABNEY had on him approximately 2.43 grams of methamphetamine. On November 24, 2015, DABNEY was stopped and had with him 21 bag of heroin, nine bags of methamphetamine, and other drugs. On April 14, 2016, DABNEY was stopped and admitted he had obtained approximately a pound and a half of methamphetamine from his source about a month prior. On April 26, 2016, a warrant was executed at DABNEY's home and officers located three firearms, methamphetamine, and heroin. On May 4, 2016, DABNEY was contacted by law enforcement and had with him a firearm and approximately 11.36 grams of methamphetamine and other drugs. On May 24, 2016, Dabney was stopped and had with him a firearm and a hypodermic needle.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The

2

defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the second superseding indictment, as well as all other uncharged, related criminal activity, may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that, upon his plea of guilty to Count 1 of the Second Superseding Indictment, charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, the minimum penalty the Court may impose is not less than ten years' imprisonment, while the maximum penalty the Court may impose is not more than life imprisonment, not less than five years' supervised release, a $10,000,000 fine, and a $100 mandatory special assessment per felony count of conviction, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class A felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

  a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

  b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

  c. in addition to a sentence of imprisonment, the Court must impose a term of supervised release of at least five years as to Count 1;

  d. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

3

e.     any sentence of imprisonment imposed by the Court will not allow for parole;

f.     the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

g.     the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

7.     **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine for which it has venue and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss the original indictment, the superseding indictment, and Counts 2, 3, 4, and 5 through 11 at sentencing. The United States will relay the disposition of this case to the Webster County, Missouri, Prosecuting Attorney.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation

4

of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that, if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his pleas of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts his pleas of guilty and this plea

5

agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

      a.    The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

      b.    The applicable Guidelines section for the offense of conviction is U.S.S.G. §2D1.1;

      c.    The parties have no agreements in regards to any enhancements or reductions with the exception of the reduction outlined below;

      d.    The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a 3-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty pleas, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

      e.    There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

      f.    The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

g.      The defendant understands that the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable," the United States agrees that it will ask for a sentence that does not exceed the middle of the applicable Guidelines range and the Government will not object to the defendant's request for credit for time he served in state custody prior to the filing of federal charges related to incidents included in the second superseding indictment. The defendant agrees that he will not ask for a sentence lower than 15 years or 180 months;

h.      The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the second superseding indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

i.      The defendant understands and agrees that the factual admissions contained in paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed upon Guidelines calculations contained in this agreement.

11.     **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12.     **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to

7

void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

      a.      oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

      b.      comment on the evidence supporting the charges in the second superseding indictment;

      c.      oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

      d.      oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

      a.      the right to plead not guilty and to persist in a plea of not guilty;

      b.      the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

      c.      the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d.      the right to confront and cross-examine the witnesses who testify against him;

      e.      the right to compel or subpoena witnesses to appear on his behalf; and

8

f.    the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that, by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that, if he pleads guilty, the Court may ask him questions about the offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands that he has pleaded guilty to felony offenses and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15.    **Waiver of Appellate and Post-Conviction Rights.**

a.    The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct; and

b.    Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the defendant reserves the right to file a direct appeal from his conviction to obtain appellate review of the denial of his pretrial motion to suppress filed on April 28, 2017, and the denial of his motion to file a second motion to suppress out of time, filed on June, 19, 2019. In the event the defendant prevails on this appeal and the evidence is suppressed and/or he is granted leave to file a second motion to suppress, he will be allowed to withdraw his guilty plea, notwithstanding any provisions of the contrary contained in this agreement. With respect to all other issues, however, the defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal,

9

cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16.   **Financial Obligations.**  By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing;

17.   **Waiver of FOIA Request.**  The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.   **Waiver of Claim for Attorney's Fees.**  The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19.   **Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete or untruthful, or otherwise breaches this plea agreement, the United States

10

will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that, in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

11

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**Timothy A. Garrison**
United States Attorney

By

Dated: 6/1/20

Josephine L. Stockard
Assistant United States Attorney
Missouri Bar No. 63956

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the second superseding indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 6/3/20

Randy G. Dabney
Defendant

I am defendant Randy G. Dabney's attorney. I have fully explained to him his rights with respect to the offenses charged in the second superseding indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines that might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Mr. Dabney's decision to enter into this plea agreement is an informed and voluntary one.

Dated:

6/2/20

Josh Roberts
Attorney for Defendant

12

RANDY DABNEY 17642-045
Medical Center For Federal Prisoners
P.O. Box 4000
Springfield Mo. 65801-4000

OCT 0 3 2023

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been either opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

U.S. Medical Center for Federal Prisoners
P.O. ox 4000
Spri gfield, MO 65801

PRis PLC
SE

Clerk, U.S. District Court
United States Courthouse
222 N. John Q Hammons Parkway
Springfield, Mo. 65806

RECD OCT 0 4 2023



RECEIVED

2023 OCT -6  PM 12: 56

CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD, MISSOURI 65806

OFFICIAL BUSINESS

FIRST CLASS MAIL

U.S. District Court
Office of the Clerk
1510 Whittaker Courthouse
400 E. Ninth Street
Kansas City, MO 64106

Attn : Pris Pro Se

FIRST-CLASS

US POSTAGE AND PITNEY BOWES

ZIP 65806
02 7H
0006 14 46 49
$ 001350
OCT 2023