# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| RANDY G DABNEY, ) <br> ) <br> Movant, ) <br> ) Case No. 23-cv-03317-RK <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | |

## ORDER DIRECTING RESPONDENT TO SHOW CAUSE

Movant, who is incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to a conviction and sentence entered in the above-cited criminal case, has filed a *pro se* motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255.

Insofar as Movant raises allegations of ineffective assistance of counsel, a claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (same); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); ABA Model Rules of Professional Conduct 1.6(b)(5)-(6) (providing guidance as to when a lawyer may reveal information relating to representation of a client). Therefore, counsel whose representation is challenged is directed to cooperate with the Government and to provide information, documents and/or an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by Movant.

Accordingly, it is **ORDERED** that Respondent answer Movant's allegations and show cause on or before **NOVEMBER 13, 2023**, why the relief Movant seeks should not be granted.

     /s/ Roseann Ketchmark
ROSEANN KETCHMARK
UNITED STATES DISTRICT JUDGE

Dated: October 11, 2023.